BALERO RUM DISTRIBUTING Co. *v.* UNITED STATES[1]

United States Customs Court, Third Division

(Decided November 18, 1938)

Harper & Harper (*Abraham Gottfried* of counsel) for the plaintiff.
*Webster J. Oliver*, Assistant Attorney General (*John J. McDermott* and *Charles J. Miville*, special attorneys), for the defendant.

Before CLINE, EVANS, and KEEFE, Judges

CLINE, Judge: In this suit against the United States the plaintiff claims that the collector of customs at the port of Los Angeles erroneously assessed duty on rum imported from Cuba on May 31, 1936. It appears from the record that duty was assessed at $2 per gallon under the Liquor Taxing Act of 1934 plus $2 per gallon under paragraph 802 of the Tariff Act of 1930 as amended by the provisions of the trade agreement with Haiti, dated March 28, 1935 (T. D. 47667) and the trade agreement with Cuba, dated August 24, 1934 (T. D. 47232) and that the wine gallon was used as the basis of measurement and assessment.

A number of claims are contained in the printed form of protest but the only one relied upon by the plaintiff at the trial in this case is contained in typewriting at the bottom of the printed matter and reads as follows:

It is further claimed that duty and internal revenue tax should be assessed on the proof gallon and not on the wine gallon or other means of measurement.

When the case was called for trial the United States examiner, called as a witness by the plaintiff, testified that the shipment contained 2.4 wine gallons of rum per case; that the proof of the rum was .86 and the number of proof gallons could be found by multiplying the number of wine gallons by .86; and that the computation shows that there were 2.064 proof gallons per case.

[1] C. D. 60.

The pertinent parts of the Tariff Act of 1930 and the Trade Agreements with Haiti and Cuba read as follows:

PAR. 802 [Tariff Act of 1930]. Brandy and other spirits manufactured or distilled from grain or other materials, cordials, liqueurs, arrack, absinthe, kirschwasser, ratafia, and bitters of all kinds containing spirits, and compounds and preparations of which distilled spirits are the component material of chief value, and not specially provided for, $5 per proof gallon.

PAR. 811 [Tariff Act of 1930]. Each and every gauge or wine gallon of measurement shall be counted as at least one proof gallon; and the standard for determining the proof of brandy and other spirits or liquors of any kind when imported shall be the same as that which is defined in the laws relating to internal revenue. The Secretary of the Treasury, in his discretion, may authorize the ascertainment of the proof of wines, cordials, or other liquors and fruit juices by distillation or otherwise, in cases where it is impracticable to ascertain such proof by the means prescribed by existing law or regulations.

SCHEDULE II—Trade Agreement with Haiti (T. D. 47667)

NOTE.—The provisions of this schedule shall be construed and given the same effect, and the application of collateral provisions of the tariff laws of the United States to the provisions of this schedule shall be determined insofar as may be practicable, as if each provision of this schedule appeared respectively in the paragraph of the Tariff Act of 1930 noted in the column at the left of the respective descriptions of articles.

| Tariff Act of 1930 Paragraph | | Maximum rates of duties. Specific rates in United States dollars |
|---|---|---|
| 802 | Rum, in containers holding each one gallon or less. | 2.50 per proof gallon. |

SCHEDULE II—Trade Agreement with Cuba (T. D. 47232)

| Tariff Act of 1930 Paragraph | | Column 1 Minimum preferential reduction to Cuba | Column 2 Maximum rates of duty. Specific rates in United States dollars |
|---|---|---|---|
| 802 | Rum, in bottles containing each one gallon or less. | 20% | 2.50 per proof gallon. |

It is obvious that the collector, in levying the customs duty, deducted 20 per centum, the preferential reduction to Cuba, from $2.50 per gallon, the rate granted Haiti in the trade agreement, and arrived at the rate assessed, namely $2 per gallon.

Counsel for the plaintiff argues in his brief that the trade agreement with Cuba and the trade agreement with Haiti provide for the assessment of duty on rum on the proof gallon and not on the wine gallon and that, as the instant merchandise is not subject to duty under the Tariff Act of 1930, the provisions of paragraph 811 have no application.

Counsel for the defendant calls attention to the note at the head of the trade agreements providing that "the application of collateral

provisions of the tariff laws of the United States to the provisions of this schedule shall be determined insofar as may be practicable, as if each provision of this schedule appeared respectively in the paragraph of the Tariff Act of 1930 noted in the column at the left of the respective descriptions of the articles" and contends that the trade agreements merely amend particular provisions of the Tariff Act of 1930, in this case an amendment of paragraph 802 by striking out $5 and inserting in lieu thereof $2.50 less 20 per centum, and that all other provisions of the Tariff Act of 1930, including paragraph 811, are in full force and effect. The point is discussed by counsel for defendant in the following language:

It is apparent that this claim has no merit whatever, for if the collector was bound under the provisions of paragraph 811 of the Tariff Act of 1930 to consider one wine gallon as one proof gallon, *before* the signing of the Cuban Agreement, as conceded by the plaintiff, it was also obligatory upon him to use the same measurement *after* the Cuban Agreement became effective. This is so because paragraph 811 is not modified by, or even mentioned in, the Cuban Trade Agreement of 1934, and it therefore remained in full force and effect, insofar as Cuban products are concerned, after the signing of the Cuban Agreement.

We are of opinion that there is no merit in the plaintiff's claim that the duty assessed on rum by virtue of the Haitian and Cuban Trade Agreements should be computed by applying the rate of $2 per gallon to the number of proof gallons rather than to the number of wine gallons in the shipment. We hold that the provisions of paragraph 811 of the Tariff Act of 1930 are applicable to rum from Cuba and that "Each and every gauge or wine gallon of measurement shall be counted as at least one proof gallon."

The claim in the protest that the so-called internal-revenue tax should be assessed on the proof gallon rather than on the wine gallon is settled by the terms of the Liquor Taxing Act of 1934 (48 Stat. 313) which provides that the tax shall be assessed on the wine gallon measurement when the liquor is below proof. The provision reads as follows:

(4) On and after the effective date of Title I of the Liquor Taxing Act of 1934, $2.00 on each proof gallon or wine gallon when below proof and a proportionate tax at a like rate on all fractional parts of such proof or wine gallon.

The plaintiff contends further that the duty was assessed on an excessive quantity of liquor. An examination of the entry shows that 102 cases of rum were entered and that duty was assessed on 244.8 gallons. The United States examiner testified that each case contained 2.4 wine gallons. A computation indicates that there were 244.8 wine gallons in the total shipment.

The protest is overruled. Judgment will be entered in favor of the defendant.